Paul E. DUNCAN, Petitioner-Appellant,

v.

TENNESSEE CIVIL SERVICE COM-
MISSION, Respondent-Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Dec. 21, 1983.

Certiorari Denied by Supreme Court
March 19, 1984.

John D. Kitch, Kitch, Parsons & Detring,
Nashville, for petitioner-appellant.

Claudius C. Smith, Asst. Atty. Gen.,
Nashville, for respondent-appellee.

OPINION

TODD, Presiding Judge, Middle Section.

This is a judicial review of an administra-
tive decision of the State Civil Service Com-
mission affirming the dismissal of plaintiff
as a state employee.   The Chancellor af-
firmed the decision of the Commission, and
the employee appealed.

The single issue presented by appellant is as follows:

I. The Trial Court erred in affirming the decision of the Tennessee Civil Service Commission that Paul Duncan was terminated for a reason other than the non-merit factor of alcoholism or of discrimination.

It is seen that the quoted issue actually presents two issues, i.e.:

1. Whether appellant was wrongfully discharged on the sole ground that he was an alcoholic, and

2. Whether the discharging authority discriminated against appellant because he was an alcoholic.

It is uncontroverted that appellant has been a compulsive and excessive user of alcohol for many years and that this was disclosed to the employing authority when appellant was employed by the State.

It is also uncontroverted in this record that compulsive and excessive use of alcohol is an illness or disease commonly known as alcoholism.

It was also conceded in oral argument that one who is afflicted with alcoholism is not entitled to be excused from misconduct to any extent beyond the indulgence of fault or failure extended to other employees afflicted with other illnesses.

The State insists that appellant was discharged, not for being an alcoholic, but for his faults and failures in his work which may or may not have been due to his illness.

The order of the Civil Service Commission contains the following:

### Findings of Fact

1. That Mr. Paul E. Duncan was employed by the Department of Employment Security in October of 1978.

2. That alcoholism is a non-merit factor under the provisions of T.C.A. 8–30–327.

3. That there was no testimony in support of the allegation that discrimination was involved in the dismissal of Mr. Duncan when compared to the application of the regulations governing leave and attendance to similarly situated employees.

T.C.A. § 8–30–327(a) provides as follows:

8–30–327. Appeals to commission.—(a) The commission shall have jurisdiction to consider and finally decide civil service appeals filed by any regular employee who alleges that his or her dismissal, demotion, transfer to another county, suspension or lay off is the result of political or religious opinions or affiliations, or because of race, national origin, sex, handicap or other specifically pleaded non-merit factor.

It thus appears that the Commission found that alcoholism was in a class with race, national origin, sex or handicap, insofar as being a "non merit factor" or improper ground for discharge.

The letter of discharge states:

On December 1, 1978, you were absent from work and the cause was later determined to be excessive drinking. This absenteeism lasted until January 25, 1979, a total of eighteen (18) working days. On January 2, 1981, for the same reason, you were absent nine (9) working days. On April 13, 1981, the same problem developed and you were absent fifteen (15) working days. Just recently, on November 9, 1981, you were absent a total of seven (7) working days, which does not include the holiday on November 11, 1981. Again, by your own admission, you were unable to report to work because of an excessive consumption of alcohol. Since your date of employment, October 3, 1978, through calendar year 1981, you have been absent a total of forty-nine (49) working days.

Appellant admits that the foregoing schedule of absences is correct, but he claims that he was entitled to annual leave or sick leave for a period greater than the total days absent, hence he should not be penalized. This contention is without merit for two reasons.

■ First, appellant chose to appeal directly to the Civil Service Commission under TCA § 8–30–327 which limits him to a complaint of discharge for "non merit grounds". If he had desired to contest the issue of whether he was wrongfully absent without leave, this would have been a "merit ground" which would have required another course of appeal prior to the appeal to the Civil Service Commission. Therefore, by direct appeal, appellant waived his right to complain of the merits of the charge that he was wrongfully absent.

■ Second, the record discloses that appellant was not discharged merely for excessive absences. He was discharged for absence *without permission,* and without *request for permission.* The mere accumulation of annual leave or sick leave entitlement does not authorize an employee to be absent from duty at will and without prior arrangement with superiors.

Nevertheless, appellant seeks to excuse his failure to "call in sick" or to request annual or sick leave by the fact that his alcoholism (compulsive drinking) caused him to be too drunk to call in or even to realize that he should notify his superiors.

Appellant's superiors testified of their policy and practice of dealing compassionately with illnesses of employees, including alcoholism. They recognize that, on a given occasion, an employee may be too ill to telephone a superior prior to the required time for reporting to work. However, this "compassion" is limited to rare emergency situations. It was exercised in respect to appellant, but not to the degree he considers his due, that is that, since he is an alcoholic, any and all of his unannounced and unapproved absences of whatever duration should be excused because he is an alcoholic and can't help drinking and continuing to stay drunk and away from work for extended periods.

An employee who is acutely ill and cannot "call in", but who sends word by someone within a reasonable time as to the cause of absence is in a different category from the employee who "gets drunk" and stays drunk for days, whose employer must go to his home or otherwise find out the situation.

■ An alcoholic who becomes acutely ill from excessive drinking, submits himself to medical treatment and so notifies the employer, from the time of notice to the employer and for the duration of treatment, is entitled to all of the consideration accorded to other sick employees; but he has no right to expect his employer to treat him as sick until he, himself, acts like a sick man and seeks treatment.

■ It is true that the alcoholic's peculiar compulsion to drink (and get and stay drunk) is calculated to and does cause him to be less responsible in respect to promptly informing superiors and obtaining leave. This is, indeed, unfortunate, but being an alcoholic does not entitle an employee to the services of guardianship from his employer. Knowing in advance his own weakness for liquor, the alcoholic is under a duty to obtain the services of a friend or relative to "watch over him" to see that, immediately upon the beginning of a drinking episode he is placed under treatment and this fact is reported to the employer. In this fashion, an alcoholic may obtain the consideration and compassion due him without abusing the privilege of being an alcoholic.

The foregoing distinction between a "pre-treatment" episode of drunkenness and a subsequent period of treatment is necessary because employers cannot be expected to tolerate several days of "laying out drunk" without notice from the employer, whether the employee be an alcoholic or non-alcoholic. If any employee could excuse himself for "laying out drunk" by saying he was an alcoholic, then all would profess to be alcoholics and none could be disciplined.

■ There is absolutely no evidence in this record that, on any of the occasions in question, appellant either directly or indirectly notified his superiors within a rea-

sonable time that he was acutely ill from excessive drinking and had submitted himself to treatment. In each case, information was received by superiors after an unreasonably long period of waiting and wondering and investigating why appellant was absent.

Therefore, this Court agrees with the Commission and the Chancellor that appellant has failed to carry his burden of showing that he was terminated for being an alcoholic. He was terminated for behavior which was undoubtedly associated with alcoholism, but the fact that alcoholism is a disease does not excuse all behavior resulting therefrom. Drug addiction is a disease, but that does not excuse theft by a drug addict to obtain drugs.

Appellant's other complaint is discrimination. His only evidence supporting this complaint is that a fellow employee was absent more days than he during a shorter period of employment. The evidence shows that said fellow-employee was out of the State during regularly scheduled annual leave when he was suddenly and unexpectedly stricken with pancreaitis and blood infection. Before the expiration of his annual leave, the employee notified his superiors that he was under treatment in a Florida hospital and would return to work as soon as he was released. He was, of course, placed on sick leave and special leave for the duration of his treatment.

If appellant had acted in equivalent fashion, he undoubtedly would not have been discharged, or if he had been discharged he would have a valid complaint.

No merit is found in the contentions of appellant. The judgments of the Commission and of the Chancellor are affirmed. Costs of this appeal are taxed against appellant. The cause is remanded to the Chancery Court for any necessary proceedings.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.